case number 20-5928 Jacob Clark et al versus Bernadette Stone et al oral argument is not to exceed 15 minutes per side Mr. Weist for the appellants good morning Mr. Weist morning your honors may it please the court I'd like to reserve four minutes for rebuttal please your honors I have the privilege of representing Jacob and Janetta Clark on this case involving their interactions with members of the Kentucky children the cabinet for health and family services and specifically the CPS child protective services and I'd like to argue four issues obviously there's more in the brief this morning but but the fourth amendment searches of the home in this case the retaliation recording the hostility to religion and then generally the procedural errors and the handling of this case and the motions below by the district court that sort of intertwine in those issues um your honor I want to begin with the fourth amendment search issue and I want to start with the district court orders that were entered in this case that led to those um home searches uh that the quote parents must cooperate with chfs comma they must let chfs in their home and on January 28 2019 the plaintiff's taped the fourth amendment to their door they told the um defendants they were not consenting to the search they did not the searches they were not they did not have a warrant and they could not enter um and nevertheless the defendants proceeded into the home the district court below held that um that there was not clearly established case law that prevented that and and the problem in the analysis that the district court engaged in um in part and they relied on a Tennessee district court case the Barnett case that made the same error was was the district court failed to fail to recognize that Andrews versus Hickman County and Kovacic versus Cuyahoga County Department of Children and Family Services did two things it is true that both of those cases held that there was no clearly established right for cps workers to enter the home without a warrant um but those cases also established the right for for um that required the warrant um to be uh you know in place and here the district court held there was no valid warrant we agree with that holding obviously that holding is um consistent with the United States Supreme Court's um decision and grow versus Ramirez that you know uh the orders in this case fail to describe um what was going to be searched the scope of the search and so there was no valid warrant the district court held there was no warrant but again there was this error that got committed because Andrews and Kovacic established the right going forward that a warrant was required and here there was none and nevertheless Mr. Reese did did your clients consent to the workers entering their home they did not your made that argument the my clients uh posted the fourth amendment to their door told them they could not enter um there was a threat that happened in terms of taking the children if they didn't let him in and Mr. Clark's testimony um which was very you know in the verified complaint and what was pled was that he did not consent and that when he opened the door he was doing so under quote duress and coercion that was the words he used and they then followed him into the home okay he allowed them to come in the house uh but you say his consent was by duress though is is that the is that the position because he did it he did end up allowing them to come in did he not your honor he opened the door and what i would what i would suggest um that the that the court um um look at um in part is is the Andrews case where again just because you open the door he never said you guys can come in he never said did he say you may did he say you cannot come in he did he said i do not consent to you entering my home and they they persisted they threatened him um with taking the kids and he said look i'm not allowing you to come in i'm gonna open the door under quote duress and coercion and they don't well i'm gonna open the door under duress and coercion and you may come in he did not say you may come in okay all right um and i i think you do have consent i guess you're arguing that the consent was by duress but uh i i you know i i need you to accurately state the facts to us that's right rather than he never said i consent to you coming in what he said i know he didn't say it but okay well your honor he said he said you cannot come in i do not consent i do not consent to you coming in you don't have a warrant you can't enter that's a paragraph 63 of the complaint he says okay didn't they say something like we have a court order here's the court order if you don't like it we'll we'll go back to the respond something i mean tell me you know the facts better than i do uh tell me the whole scenario here uh your honor they they did say they had a quarter he said that's not a valid warrant uh back to them he said you don't have my permission to come in and if you come in you're doing so under under duress and coercion and then he opens the door and they follow him in at no point does he say you can come in you're more than welcome to come in or anything they say we'll go back we'll go back to the judge if you don't think it's sufficient um they threatened to take the they were going to go back and get a warrant um or anything like that mr weiss um just a question um i know that you that you say and you've pointed to case law that says a warrant is required but here the object of the of the officer's actions was not a search as in a drug search or something it wasn't it more of an interview and an inspection and and in that case um why why do you say that the the judicial order was insufficient for this interview for this inspection yes your honor and i would go back to this court's holdings and andrews and kovacic and again we have government agents entering the home which is the height of fourth amendment protection we have you know nothing describing the scope of what happened and what actually happened once they were in is they did go through the home they'd go they did go and they went through so so let me let me ask this let's assume that um that we agree with you and that a warrant is required and that uh and that the warrant has to describe uh with specificity the thing to be searched and or seized how would that scope have been how should that scope have been described in this particular uh case your honor a valid warrant in this case uh would have one um involved um probable cause which the district court found again was not present here that that even gave rise to that but but turning to the actual contents of what should have happened if they were going to go into the home it should have described the home it should have said you know in the home you can do a cursory inspection to make sure the home is clean um you cannot go through drawers you know it wouldn't have been anything like that that would have defined the scope would have defined the property address and would have defined that they could have perhaps interviewed the children um that would have been uh perhaps valid and that would have confined the government actors and their execution of those court orders in terms of what they were allowed to do and what they weren't instead of a blanket order that said quote you will you will um parents must cooperate with chfs they must let chfs in their home which basically gives rise if you think about it your honor to unfettered um you know searches of the home that that don't you know even limit the number of times they can go in don't limit the scope of what they can search uh you know this is the sort of general warrants that the fourth amendment was designed to protect against at its heart when it was put into the bill of rights by the founders was government agency entering the home with with limitless abilities to go into every aspect of someone's home which is the height of fourth amendment protection and yet here that's exactly what happened and this court has been clear they weren't allowed to go into houses they had without a court order they at least had a court order they did your honor and and by the way in grow versus vermeer as the u.s supreme court dealt with a warrant that failed to describe with particularity the things to be searched they had a quarter and grow also and yet didn't the judge at one point tell your client if he didn't let him in that all the men contempt um i think uh i think that did occur your honor but again i think you know what what is required here is a valid warrant irrespective of what the quarter is i mean one one would suppose that any warrant um that you know you're faced with maybe children being abused and the judge tells the parents let these people take a look around or you're going contempt what else what and and the judge has absolutely what do you think a social worker ought to do in that your honor i think a social worker this court has held in kovacic and andrews that a social worker um is on notice now that they need to have a warrant if you're entering the home over the position you can't do that yeah i i think he did that in the court proceedings he told the judge that a warrant was required and the judge said i disagree with you people don't have fourth amendment rights and yes proceedings was the context that came back and then from the judge so you you you can see that the way i mean a warrant gives the person the authority of the court of the directive of the court to go ahead and search and hear the judge did an order that gave the social workers the authority to do certain acts so they were acting under the judicial authority i want to go quickly in the time you have remaining and ask you to tell me with respect to your first amendment free exercise claim uh what are you claiming inhibited the appellants ability to freely exercise their religion and and how does the law specifically burden their exercise of religion because it seems to me that's a strained argument um your your honor my response is that the law prohibits and masterpiece cake shop is the most recent pronouncement of the u.s supreme court on um prohibits hostility towards religion and it is interesting when you look at um the allegations um that that surround that claim is that the plaintiff's blood sincerely held religiously specifically regarding corporal punishment of paragraph 19 they pled that they informed the defendant of the belief in 30 at paragraph 39 and then paragraph 40 the defendant immediately this stone immediately responded by directing them to bring the children into chfs and pled a due to those beliefs of 67 and 82 of the complaint and so when we look at the complaint and we look at the fact that our allegations are that everything it wasn't just our allegations we've got a whistleblower uh declaration that was put into the record as well okay you can slow down just a little bit because i have a follow-up question uh so is it your contention that the ability to inflict corporal punishment on children is a fundamental tenet of the christian it is your honor spare the rod spoil the child that is part of my client's belief um it's sincerely held religious beliefs and that's a paragraph 19 of the complaint um and again we're talking about reasonable corporal punishment that is that is driving their beliefs so your honor we do believe that all of their actions were colored by um their the religious belief in the hostility of the defendants supports that we did plead that your honors i see that i'm out of time and i am any further questions at this time judge sir heinrich no uh judge donald all right you'll have your four minutes you'll have your four minutes for a bottle all right let's hear from the appellee may it please the court my name is brent urban i'm here for the appellees and uh because our time is limited i will briefly summarize our argument and then if any of the hone in on what the court is most interested in first of all the lower court correctly determined that there was no article free jurisdiction uh with a specific uh right jurisdictional issue that would allow the plaintiffs to challenge this gatekeeper regulation the regulation challenged is only a regulation that would have screened out this complaint from uh the get-go without any investigation by the social workers and there was ample cause in this case to investigate not only because of the corporal punishment but because of the uh allegations that the school counselor made which are quoted on page uh six of our appellee's brief uh certainly even a person that's claiming uh right to discipline children under the tenets of their faith would not agree beating children with a back scratcher a belt leaving marks on the child striking the child and that is what happened in this case it's unlikely that these events will happen again and so the claim for prospective injunctive relief is properly the lack of a justiciable controversy now i want to move on to the damage claims against the individual social workers and i will start with the first amendment claims uh the free exercise of religion and the alleged retaliation for videotaping i would like to most importantly point out qualified immunity is appropriate and this is not a good best case to decide whether social workers should be allowed to be videotaped in their home and the main reason is because this court has held that if you interview a child in the presence of a prospective abuser that that puts the child at physical risk if the parent later kills or abuses the child because the child was interviewed in the presence of the parent that could be sued under a substantive due process case claim that this court has held would make the social workers liable so obviously you cannot be videotaping the children while they're being interviewed in the home and that distinguishes this case from any other district court case or out-of-circuit police arrest case that the plaintiffs might rely upon i do agree with this panel that the first amendment claim is strained the supreme court has never held that having a specific religious belief allows you to engage in criminal behavior and this non uh this child abuse statute is a generally applicable statute that applies to everyone no matter your or not if you cross the line and abuse a child then social services obviously have a concern and it could rise to a criminal case if the abuse is significant so the first amendment claims are just not valid the substantive due process claim the court has never held that the right of the parent to abuse children outweighs the state's interest in investigating claims of child abuse and so the substantive due process claim fails certainly nothing happened here that would shock the conscience but it's also significant that the party that imposed the no discipline order was not the social workers it was the family court judge at the very first court hearing court did it sua sponte this court can take judicial notice that it was the judge opposed to no physical discipline and this court has held many times that you cannot make the social workers vicariously liable or whatever the judge has imposed so here we have the judge at the very first hearing uh ordering no discipline which stayed in effect the entire time there was a uh the juvenile case was proceeding and that's what the plaintiff's complaining violated their substantive due process rights the judge issuing a no discipline and i would just add that it was a very appropriate thing for the judge to do that in light of the serious allegations that the child made about being hit with the belt while he was cowering in a fetal position and being lashed at with the parents teaming up with the back scratcher and a belt so the substantive due process claim simply fails it was not uh the social workers cannot be vicariously liable for that judge entering that very appropriate order so the claim that mr weiss has focused on this morning is the fourth amendment claim and i'll talk about that mr weiss has had the benefit that his client videotaped this encounter at the door and there as he has not shared that with defense counsel so i'm only going by what i know of happened from what the social workers said we already know and the court can take judicial notice that when this was in district court the judge instructed mr clark in no uncertain terms that he was to let the social workers into the home and they were going to look around he assumed the house would be clean which it was and they would be allowed to interview the children and mr clark reluctantly agreed to that and promised that he would let the social workers come into the home so we had a verbal order from the bench which was crystal clear uh mr clark was in the courtroom he understood the order uh yet when the social workers showed up at the door he taped the fourth amendment to the door and basically dared them to come into the home and contrary to what mr weiss has said the social workers did not threaten to take the children the social workers told him fine we'll talk to the county attorney that's the same assistant county attorney that was in court when the case had been heard before and i i just i just asked mr weiss what was the conversation and he did not mention that the that that's from your clients say they said we will talk to the county attorney it's assumed the county attorney would then go back to court and talk to the judge and appropriate do the plaintiffs dispute that that statement was made uh the plaintiffs have just rested in their pleadings and claimed that it was coercion without really okay all right all right i'll ask mr weiss but i don't i don't appreciate it counsel's misrepresenting the record because that's my understanding as well at least that's what's in the record clear and fair to mr weiss because discovery wasn't taken we don't have the benefit of the videotape mr okay all right but that's the unverbotted testimony that okay tell me what else was said before they entered well they just fine we'll go back and talk to the county attorney and then i don't know if he just opened the door and let them in or he said fine you can come in under protest i i don't know but we think it was implied consent and they did come in well not what you think tell me what the testimony shows well there wasn't any testimony your honor because we didn't take discovery okay um all right the statements from your clients are they in form of affidavits or what are they they are just statements they represented as best they could remember and they don't have the videotape but it's best they remember they said fine we'll talk to the county attorney okay said all right they told me and i you know i'm taking their word for it all right okay now under qualified qualified immunity protects all but the the blatantly incompetent that uh unless a government official just blatantly violates the constitution and he should know that it's a violation of the constitution that all reasonable officials would know under these circumstances unless that occurs the official is entitled to qualified immunity that's that's the standard is it not yes sir that's so your position is they have a court order they've got uh the opinion by the judge that they have a right to go in there uh in addition there appears to be some consent here as well and that under qualified immunity out the analysis uh they really can't be sued for this that's exactly our position your honor there's actually two arguments one under qualified immunity just as you said a reasonably competent social worker could believe that the district court order was valid after all this is not a criminal case as judge donald mentioned this is a different they don't have to go against the judge they don't have to second guess the judge do they no they don't as a matter of fact we've cited authority in our brief that if a social worker or police officer follows a court order executes a court order they have a type of derivative judicial immunity for following the court well even if it were a criminal case you'd have the good faith defense here and this is not even a this is even a higher standard than the criminal fourth amendment violation under whether all reasonable officials would know that what they did was unconstitutional yes we think that's sufficient for this court and that's what the lower court held when he followed the guidance of the district court opinion out of tennessee which this court has later affirmed under a has been affirmed by this court and there's no reason not to affirm it in this case i would question in the fourth amendment non-criminal context where the touchstone of fourth amendment is reasonableness why are why this uh family court judge order was insufficient anyway because everybody knew who the children were everyone knew where the clarks lived they weren't being searched for contraband all the the social workers did was walk through the house to make sure it was clean and interviewed the members of the family so i'm not sure it really would put form over substance to say that this judge should have physically described each child identified the home with greater specificity there's no doubt that when mr clark came to the door they were at the correct place i i question whether those fourth amendment criminal cases even apply but if they did apply a reasonably competent social worker would have not known that therefore they would be entitled to qualified immunity even if a different court later found that the uh family court orders were deficient in some manner so we think that both absolute immunity for following the court order and qualified immunity because they reasonably relied on the order that defeats the fourth amendment claim okay all right there you know the investigation here led to the charges being dismissed so i mean there there was at the end of it uh there was a dismissal they they apparently have taken the position that because of their religious beliefs that uh they will they will likely be invested investigated again and perhaps be charged again and this is because of their religious beliefs and the animus against their religious beliefs now what's wrong with that theory if anything uh it's just a speculative theory that that the clarks have raised uh actually they say they rarely spank their children or discipline them physically and only as a last resort and so it's very unlikely that they would strike the children in the same way in the future in such a manner that would lead to a second child abuse investigation uh if it what if one was reported and investigated the county attorney would screen it determine there was probable cause and then it would have to go to a court that would have to determine if you wanted to impose another no discipline order so the fact that they claim that they were chilled is really they'll be chilled either way because the criminal a uh a crime and if they think they're going to cross the line into child abuse then that's that's their what they're complaining about not this gatekeeper regulation that the cabinet has promulgated to help the cabinet know which reports meet the criteria to even start an investigation so and again the case law does not say that someone that's a christian is exempt from uh the criminal laws i haven't heard mr we say that clients could beat or harm the children and be exempt from the criminal law uh so i don't understand why he thinks they should be exempt from somebody screening and compliant if they later strike and spawn a new investigation so mr ervin you're really uh saying i think that um this reasonable fear uh expressed by the appellants uh it's really an unreasonable fear because it would only be triggered by an allegation that they were violating the law by abusing children is that correct that's exactly correct uh this cabinet does not investigate parents unless there's a credible report of abuse or neglect that comes in and is screened and before they can go to court they have to get the county attorney to agree that there's sufficient cause to file the dependency neglect or abuse case it's quite an unreasonable fear and i'm not sure why the clarks uh have this fear because if you look at the entire history of the things that have happened to the clark family in the past they've never been criminally prosecuted for child abuse arguably maybe they should have been looked into the past when mr clark made allegations against mrs clark accusing her of gotten by without really anything ever happening to them well mr weiss says that um that this prohibition against um corporal punishment is rooted and grounded in the bible spare the rod spoil the child what do you say about about about that uh is it spare the rod spoil the child but don't break the law i mean just give me i want you to respond to it all right i think uh parents and reasonable christians can disagree or agree about corporal punishment the kentucky legislature says that parents have a right to use reasonable discipline on their children which seems to be consistent with what the plaintiffs are saying um whether or not it's a constitutional right or not i don't think this court needs to uh decide because as the lower court determined certainly that right doesn't go so far as to allow you to abuse children if you had a if the religion allowed parents to do anything they wanted in the name of religion chief justice belia's opinion uh points out the parade of horribles that could happen you could have child sacrifice you could have children sold into slavery you could i mean you could defend anything based on scripture if you want to go back to the old testament you could depend on the quran as you chop criminals hands off uh under our constitution these children have a right to be protected from their abusive parents and sometimes that right prevails over a parent's religious belief that they want to hurt the child or i don't think mr weiss would say clarks wanted to hurt the child but if they cross the line and do hurt the child they shouldn't expect expect that that the constitution gives them that right to hurt their children okay all right mr ervin you're out of time if you want to wrap it up uh 30 seconds you may well the lower court wrote an excellent opinion and we would ask that it be affirmed thank you all right very good all right mr weiss you've got four minutes rebuttal yes your honor uh your honor i wanted to begin with um this notion that's been expressed this morning that somehow the fourth amendment standards are different between social workers and police and this court has held that they are not andrews versus hickman county 700 f third at and this is at page 863 quote fourth amendment standards are the same whether the state actor is a law enforcement actor or a social worker so i wanted to begin with that concept and just refute it and now and i wanted to next turn to your honor um to this notion that somehow this court order is is carte blanche for the for the social workers to uh be able to search and i would and i would point to the grove versus ramirez case out of the u.s supreme court 540 us 551 again we had a court order there we had law enforcement executing a court order there and yet what we had in that court order was was was a quarter that failed to plainly um address what was being searched now everybody knew what was being searched in that case everybody knew where the police officer was um why if if you're saying that they're different or that the things are the same why wouldn't the good faith exception apply there if that's your argument that's the question that judge griffin asked earlier so why wouldn't they be entitled to the same good faith that um that he would have in a criminal uh context yes your honor again there is no good faith exception to a plainly invalid warrant as the u.s supreme court has held and i'm right back to grow versus and that in that case i would suggest is right on point with this case in that case there was there again there was a court order and the police you know went in and they were executed one of the things that strikes me the difference between the warrant and court order is your client was present in court usually warrants are obtained without the defendant being present or even with his knowledge does that make a difference we do not believe it does your honor and the reason again i'm right back to the u.s supreme court and has never held that being present at the issuance of a court order somehow makes it okay the question is what does the court order say and does it confine the execution as a defendant at least the right to say what the court order ought to say he has a voice as to why it shouldn't be issued so it's entirely uh it just seems to me we can't avoid that and make make a layperson liable your honor i think the reason that the layperson is liable is that this court's case law has put them on notice that the fourth amendment standards are the same for law enforcement and social workers that was andrew kovacic versus cuyahoga county department of children family services put them on notice that a standing quarter was not sufficient in terms of what was going to be searched and so you know there again we had a court order that the that the social workers were reporting to rely on that was not sufficient for this court in kovacic and grove versus ramirez which puts them on notice that if you're going into somebody's house over their objection which was the case here you have to have a warrant that describes with particularity the scope of the search and and and again that is to protect all parties they had a right in front of the judge to ask that they did ask for the warrant your honor and the judge said the fourth amendment didn't apply contrary to this court's holding in andrew so you know i look at this and i'm like you know the the judge being plainly incompetent in in terms of not following this and you say the social worker that hears him say that can't rely on that i think the social worker cannot rely on it your honor if if can a police officer rely on a warrant that violates grow versus ramirez the u.s supreme court has held no you cannot and so i think when we look at this you you know she's a court too what's that your honor no no well this court has also been clear that you have to have a warrant that that plainly describes what's being searched in the scope of the search and that is rooted in fourth amendment jurors prisons it's affect all parties so uh your honor i do you know we do believe that the case law put these defendants on notice that what they were doing was plainly unconstitutional um your honors for for those reasons and those set forth in our brief we would ask that this court reverse the uh the district court and in terms of the actual search um the reason that that isn't in the record and we do uh dispute everything that mr urban said about that search we got it on video uh was because the district court never even allowed us to get into discovery and to insert those that video into the record so um we think that that short shrift that was you say that never let you get in discovery and you had the video right you didn't have to discover your own video did you um no your honor but we we didn't have an op we didn't believe that we had an obligation to put that necessarily into the record given uh once isn't the law once qualified immunity is raised by a defendant the plaintiff has the burden to rebut qualified immunity isn't that the law it is your honor and here that so you did not rebut it by introducing the video you had your honor we believe that the allegations which which again were taken right from the video the allegations in the complaint were sufficient to do that and we did that uh via uh declarations from my client that that authenticated the and and swore to the entirety of the complaint um which again is refuted by the by the contentions of mr urban and his clients there's a there's an issue of fact there at a minimum but you know that was done as was um you know the the additional declaration by the whistleblower so okay you keep also referring to a search uh i i thought they were going to interview the kids were they searching something too they were also searching the home your honor they were going through the home they were inspecting all right very good all right any further questions judge sir heinrich judge donald all right thank you counsel for your arguments uh the case will be submitted you may call the next case